## N. Y. SUPERIOR COURT.

ELIZABETH MYERS, plaintiff and respondent, agt. ISAAC DIXON, defendant and appellant.

On a motion for a nonsuit, on the trial, upon the question of negligence for personal injuries, all *disputed facts* are to be decided in favor of the plaintiff, and all *presumptions and inferences* which plaintiff has a right to ask from the jury are to be conceded to him.

It has been settled by authority that footmen and teams have equal rights in traveling upon public streets or highways; and if it is made to appear that the driver of a horse and wagon could have stopped his horse in time, or so have guided it as to have avoided running against a foot passenger, his negligence, and the consequent liability of his employer for the injury, so far as the question of defendant's negligence is concerned, are established. The defendant may, however, insist upon the submission of this question to the jury, but when having failed to make such request in terms, he has waived his right in that respect, and the court is fully justified in holding defendant's negligence established, and in submitting to the jury only the question of plaintiff's alleged contributory negligence.

Where the defendant requests the court to charge six propositions stated *as a whole*, and the exception taken to the refusal of the court so to do, is a general one, if any one of the said propositions was unsound, the exception is untenable.

*General Term, March,* 1873.
*Before* MONELL, *P. J.,* FREEDMAN *and* CURTIS, *JJ.*

APPEAL from judgment and order denying defendant's motion upon the minutes for a new trial.

The action is for personal injuries sustained by plaintiff in consequence of being run over by a horse and wagon driven by defendant's servant.

The jury rendered a verdict for plaintiff for $1,500.

EDWARD S. LAWSON, *for appellant.*
C. P. HOFFMAN, *for respondent.*

*By the Court,* FREEDMAN, *J.*—According to the evidence, plaintiff, a lady, seventy-four years of age, in the forenoon of the 7th of September, 1869, left her house in Charlton street, to go to Bank street. She was quite a smart walker for her age. On arriving at the corner of Charlton and Hudson streets, she attempted to cross the latter from west to east. Before starting to cross she looked up and down Hudson street, and, seeing nothing, she proceeded to cross on the northerly crosswalk to the north-easterly corner of said streets. When a little more than half-way over, she heard a wagon approaching from the south, coming up Hudson street. When she first saw it, it was on the lower or southerly side of Charlton street, and it was driven at such a rapid rate of speed that she became scared, and hurried very much to get across, at the same time holding up her right hand to warn the driver. The wagon still continuing to come towards her, notwithstanding the street was clear, with the exception of a truck standing in it near the corner to which plaintiff was crossing, and nothing could be seen either coming up or going down, she diverged a little from the crosswalk to the north, to give the driver more room and to escape, if possible. But this did not save her. She was struck on the right side, and knocked over against the truck standing there, when she fell to the ground. Her injuries were quite severe, but the driver paid no attention to her, and drove on until stopped by third parties and brought back. All these facts fully appeared at the time plaintiff rested, together with the additional fact that the wagon in question belonged to defendant, and at the time was in charge of defendant's servant. Upon this state of facts it would have been error on the part of the court to have granted defendant's motion for a nonsuit. On a motion of this character all disputed facts are to be decided in favor of the plaintiff, and all presumptions and inferences

which plaintiff has a right to ask from the jury are to be conceded to him.

The subsequent testimony of defendant's driver did not improve defendant's case in any way. According to his account he came up Hudson street at a trot of five miles per hour, and within eight feet of the easterly sidewalk of that street. When he first saw plaintiff she was about ten feet from his horse, about six feet off the crosswalk, and running across Hudson street to the easterly side thereof. He also testified that his horse was perfectly manageable; that he could give no reason why he should not have seen her before he came to Charlton street, if he had been looking ahead, and that as soon as he did perceive her he attempted to stop his horse, and turned his horse's head to the west, but that he did not succeed in clearing her.

This evidence, which was the best evidence defendant did produce as to the occurrence, established clearly that there was negligence on the part of the driver, which made the defendant liable for the injury, unless the negligence of the plaintiff herself contributed in some way. For, in *Barker* agt. *Savage* (45 *N. Y.*, 191), the court of appeals not only held that footmen and teams have equal rights on such occasions, and in its exercise are bound to use reasonable care for their own safety, and to avoid doing injury to any others who may be in the exercise of the equal right of way with them, but also held that, when upon such an occasion it is made to appear that the driver of a horse and wagon could have stopped his horse in time, or so have guided it as to have avoided running against a foot passenger, his negligence and the consequent liability of his employer for the injury, so far as the question of defendant's negligence is concerned, are established.

It is true, defendant might have insisted upon the submission of the question to the jury. But having failed to make such request in terms, he has waived his right in that respect (*Schroff* agt. *Bauer*, 42 *How.*, 348, *and cases there cited;*

*O'Neill* agt. *James*, 43 *N. Y.*, 84). The court, therefore, was fully justified in holding defendant's negligence established, and in submitting to the jury only the question of plaintiff's alleged contributory negligence. Nor was there any exception taken either to such disposition or to the charge as delivered.

It should be mentioned, however, that defendant did present six requests to charge, and on the refusal of the court to charge them, except so far as they had been charged, excepted to such refusal.

But the request was to charge the six propositions stated as a whole, and the exception taken to the refusal of the court so to do is a general one. Consequently, if any one of the said propositions was unsound, the exception is untenable. Now, the first and third of said propositions were covered by the charge; the second was unwarranted by the evidence; and, besides, the defendant should not complain that the question of contributory negligence was left to the jury; the fourth was contrary to the evidence, and the fifth and sixth were manifestly unsound.

The motion for a new trial on the minutes of the court was also properly denied.

There being no error, the judgment and order appealed from must be severally affirmed, with costs.

MONELL and CURTIS, JJ., concurred.